IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY ALEXANDER,<br><br>    Plaintiff,<br><br> vs.<br><br>SALINAS VALLEY STATE<br>PRISON, et al.,<br><br>    Defendants. | No. C 12-01283 EJD (PR)<br><br>ORDER DIRECTING PLAINTIFF<br>TO FILE A COMPLAINT;<br>GRANTING EXTENSION OF<br>TIME TO FILE A CERTIFICATE<br>OF FUNDS IN PRISONER'S<br>ACCOUNT; DENYING OTHER<br>MOTIONS<br><br>(Docket No. 1, 4, 5, 6, 7, 8, 9, 10, 11,<br>12 & 13) |

On March 14, 2012, Plaintiff filed a "motion for emergency transfer and injunctive relief," alleging that he is being subjected to cruel and unusual punishment because his medical needs are not being met by prison officials at Salinas Valley State Prison. Plaintiff states that he sent the Court a complaint filed under 42 U.S.C. § 1983. (Docket No. 1 at 2.) However, no such complaint has been filed. Since this case was opened, Plaintiff has filed several documents indicating that he wishes to file an "amended complaint," (see Docket Nos. 5, 6 and 8), but these motions merely attempt to allege more recent adverse actions by SVSP officials and contain deficient information by which this action may proceed. In the interest of justice, Plaintiff shall be granted leave to file a complaint using the court's form complaint.

Order Directing P to File Complaint; Other Motions
G:\PRO-SE\SJ.EJD\CR.12\01283Alexander_compl due.wpd

Plaintiff is advised that to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff must identify defendants by name and state how each individual defendant violated a specific federal right.

The complaint must also provide information regarding the exhaustion of administrative remedies with respect to each claim he raises in the complaint. Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Within **thirty (30) days** of the date this order is filed, Plaintiff shall file a complaint using the court's form complaint. The complaint must include the caption and civil case number used in this order and the case number for this action, Case No. C 12-01283 EJD (PR). Plaintiff's motion to file an amended complaint, (Docket Nos. 5, 6 and 8), are DENIED as moot by this order.

**Failure to respond in accordance with this order by filing a complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

2. Plaintiff has filed a motion for leave to proceed in forma pauperis, ("IFP") Docket No. 3), which is deficient because the attached Certificate of Funds in Prisoner's Account was not completed and signed by an authorized prison official; rather, Plaintiff signed the certificate himself. In the interest of justice, the Court will grant Plaintiff an extension of time to file a proper Certificate of Funds complete his IFP Application to proceed with this action. Plaintiff shall submit the document **within thirty (30) days** of the date this order is filed. **Failure to file a**

**response in accordance with this court order in the time provided will result in the dismissal without prejudice of this action without further notice to Plaintiff.**

3. Plaintiff's motions for an emergency transfer and injunctive relief, (Docket Nos. 1, 4, 7, 9, 10 and 12), are DENIED without prejudice.

4. Plaintiff's motions for appointment of counsel, (Docket Nos. 11 and 13), are DENIED without prejudice for lack of exceptional circumstances. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

5. The Clerk shall include two copies of the court's complaint and two copies of the Certificate of Funds in Prisoner's Account with a copy of this order to Plaintiff.

This order terminates Docket Nos. 1, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.

DATED: 7/6/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TERRY ALEXANDER,

        Plaintiff,

  v.

SALINAS VALLEY STATE PRISON, et al.,

        Defendants.

Case Number: CV12-01283 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/6/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Terry Alexander G-02016
Salinas Valley State Prison
P.O. Box 1050
Salinas, CA 93960

Dated: 7/6/2012

                              Richard W. Wieking, Clerk
                              /s/ By: Elizabeth Garcia, Deputy Clerk